UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN LARSON,

    *Plaintiff,*

v.

SELECTIVE INSURANCE
COMPANY OF THE SOUTHEAST,

    *Defendant.*

_____/

Case No.
Hon.

## COMPLAINT

COMES NOW the Plaintiff, KAREN LARSON ("Plaintiff"), by and through undersigned counsel and hereby files her Complaint against the Defendant, SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, a foreign profit corporation ("Defendant"), and as grounds therefore states as follows:

### JURISDICTION AND VENUE

1. At all times material hereto, the Plaintiff was the owner of the subject property located in Collier County, Florida and is otherwise *sui juris*.

2. At all times material hereto, the Defendant was a foreign profit corporation authorized to do business in the State of Florida and doing business in Collier County, Florida.

3. At all times material hereto, Defendant was a participant in the Write-Your-Own Program under the National Flood Insurance Program ("NFIP").

4. At all times material hereto, Plaintiff owned the property located at 207 Broad Ave S., Naples, Florida, 34102-7028 (referred to as the "Main House") and the property located at 207 Broad Ave S., Guest House, Naples, 34102-7028 (referred to as the "Guest House").

5. On September 29, 2022, Plaintiff maintained a Standard Flood Insurance Policy with Defendant bearing Policy # FLD2889976 (the "Main House Policy") for the Main House and a Standard Flood Insurance Policy with Defendant bearing Policy # FLD3067616 (the "Guest House Policy") for the Guest House.

6. The Main House Policy and the Guest House Policy are governed by the National Flood Insurance Act, 42 U.S.C.S. § 4001 et seq. (1994) ("NFIA").

7. The NIFA grants exclusive jurisdiction to the federal courts to hear claims arising out of NFIA flood insurance policies like the Main House Policy and the Guest House Policy; as such jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

8. Plaintiff is the owner of real and personal property located at the Main House and the Guest House.

9. At all times material hereto, Plaintiff maintained the Main House Policy covering the Main House and the Guest House Policy covering the Guest House.

10. The Main House Policy and Guest House Policy were issued by the Defendant.

11. A copy of the declarations page for the Main House Policy is attached as **Exhibit A** and the Guest House Policy is attached as **Exhibit B.**

12. Defendant is in possession of a full copy of both the Main House Policy and the Guest House Policy and is expected to produce a full certified copy of each during discovery.

13. The Director of the Federal Emergency Management Agency ("FEMA") is statutorily authorized to promulgate regulations for the adjustment and payment of covered flood losses. 42 U.S.C. § 4019. The FEMA director has put in place regulations regarding adjustment and payment of flood losses and those regulations are incorporated into the Main House Policy and Guest House Policy by operation of law.

14. On or about September 29, 2022, Plaintiff suffered flood losses to both the Main House and Guest House from Hurricane Ian.

15. The suffered losses were covered losses under the Main House Policy and the Guest House Policy.

16. Plaintiff duly reported the losses to Defendant.

17. Defendant assigned an adjuster to investigate the losses.

18. Defendant assigned Claim Number 385330 to the Main House flood loss (the "Main House Claim").

19. Defendant opened coverage and issued nominal coverage for the Main House Claim.

20. However, Defendant has failed and refused to provide the full benefits due for the Main House Claim.

21. Defendant has failed and refused to provide the full coverage due for the Main House Claim.

22. Defendant engaged in post loss underwriting of the Main House Policy before issuing its coverage determination.

23. Defendant's post loss underwriting was done in bad faith to avoid its promise to provide coverage to Plaintiff under the Main House Policy.

24. Defendant assigned Claim Number 385273 to the Guest House flood loss (the "Guest House Claim").

25. Defendant opened coverage and issued nominal coverage for the Guest House Claim.

26. However, Defendant has failed and refused to provide the full benefits due for the Guest House Claim.

27. Defendant has failed and refused to provide the full coverage due for the Guest House Claim.

28. Defendant, in bad faith, engaged in post loss underwriting of the Guest House Policy to avoid coverage.

29. Wrongfully, a coverage determination was never even issued under the Guest House Policy in effect on the date of loss but rather Defendant issued the coverage determination under a different policy number, Policy # 1685563.

30. As a direct and proximate result of the Defendants refusal to pay the Main House Claim and Guest House Claim, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interests and Plaintiff has become obligated to pay them a reasonable fee for their services in bringing this action.

31. All conditions precedent to obtaining coverage for the loss have been complied with, met, or waived.

### COUNT I - BREACH OF CONTRACT
*(Breach of the Main House Policy)*

32. Plaintiff readopts and realleges Paragraphs 1 through 23, 30-31 above as if fully set forth herein.

33. Plaintiff and Defendant are parties to a valid and binding contract of insurance, the Main House Policy, which requires Defendant to provide benefits to the Plaintiff in the event of a covered loss to the Property.

34. Plaintiff suffered a covered loss under the Main House Policy.

35. But Defendant has denied the full benefits and coverage due for Plaintiff's loss.

36. Defendant breached the Main House Policy by denying the full benefits to which the Plaintiff is entitled for the loss.

37. Defendant breached the Main House Policy by denying the full coverage due to which the Plaintiff is entitled for the loss.

38. Plaintiff has been damaged by Defendant's breach of the Main House Policy.

39. Plaintiff is entitled to compensation for Defendant's breach of the Main House Policy.

40. Plaintiff seeks and is entitled to all available damages pursuant to the NFIA and applicable authority.

WHEREFORE, Plaintiff, KAREN LARSON, demands judgment against the Defendant, SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, for all damages to which Plaintiff is entitled under Federal Law, any and all amounts payable under the Main House Policy, as well as attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; and, any and all other appropriate relief to which Plaintiff may be entitled.

## COUNT II - BREACH OF CONTRACT
### *(Breach of the Guest House Policy)*

41. Plaintiff readopts and realleges Paragraphs 1 through 17, 24-31 above as if fully set forth herein.

42. Plaintiff and Defendant are parties to a valid and binding contract of insurance, the Guest House Policy, which requires Defendant to provide benefits to the Plaintiff in the event of a covered loss to the Property.

43. Plaintiff suffered a covered loss under the Guest House Policy.

44. But Defendant has denied the full benefits and coverage due for Plaintiff's loss.

45. Defendant breached the Guest House Policy by denying the full benefits to which the Plaintiff is entitled for the loss.

46. Defendant breached the Guest House Policy by denying the full coverage due to which the Plaintiff is entitled for the loss.

47. Plaintiff has been damaged by Defendant's breach of the Guest House Policy.

48. Plaintiff is entitled to compensation for Defendant's breach of the Guest House Policy.

49. Plaintiff seeks and is entitled to all available damages pursuant to the NFIA and applicable authority.

WHEREFORE, Plaintiff, KAREN LARSON, demands judgment against the Defendant, SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, for all damages to which Plaintiff is entitled under Federal Law, any and all amounts payable under the Guest House Policy, as well as attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; and, any and all other appropriate relief to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

The Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

Dated this 27th day of November, 2023.

> HOLMES FRASER, P.A.
> Counsel for Plaintiff
> 711 5th Avenue South, Suite 200
> Naples, Florida 34102
> Tel. (239) 228-7280/Fax. (239) 790-5766
>
> /s/ *Daniel P. Fraser*
> Ian T. Holmes, Esq.
> Florida Bar No.: 44193
> Daniel P. Fraser, Esq.
> Florida Bar No.: 98406
> Email: iholmes@holmesfraser.com
> Email: danfraser@holmesfraser.com
> Secondary: service@holmesfraser.com
> Counsel for Plaintiff

# Exhibit "A"

**SELECTIVE**
BE UNIQUELY INSURED®

CRANE AGENCY
100 N BROADWAY STE 900
SAINT LOUIS, MO 63102-2736

Agency Phone:   (314) 241-8700

| | |
|---|---|
| NFIP Policy Number: | 0002889976 |
| Company Policy Number: | FLD2889976 |
| Agent: | JEAN HEUSEL |
| Policy Term: | 10/18/2021 12:01 AM through 10/18/2022 12:01 AM |
| Renewal Billing Payor: | INSURED |
| To report a claim visit or call us at: | https://customer.myselectiveflood.com (877) 348-0552 |

# RENEWAL FLOOD INSURANCE POLICY DECLARATIONS
## STANDARD POLICY - DWELLING FORM

| DELIVERY ADDRESS | INSURED NAME(S) AND MAILING ADDRESS |
|---|---|
| KAREN LARSON<br>207 BROAD AVE S<br>NAPLES, FL 34102-7028 | KAREN LARSON<br>207 BROAD AVE S<br>NAPLES, FL 34102-7028 |

| COMPANY MAILING ADDRESS | PROPERTY LOCATION |
|---|---|
| Selective Ins Co of the Southeast<br>PO BOX 782747<br>PHILADELPHIA, PA 19178-2747 | 207 BROAD AVE S<br>NAPLES, FL 34102-7028 |

Refer to www.fema.gov/cost-of-flood for more information about flood risk and policy rating.

DESCRIPTION: MAIN HOUSE

### RATING INFORMATION

| | | | |
|---|---|---|---|
| ORIGINAL NEW BUSINESS DATE: | 10/05/2014 | DATE OF CONSTRUCTION: | 04/01/2014 |
| REINSTATEMENT DATE: | N/A | COMMUNITY NUMBER: | 125130 0393 H   REGULAR PROGRAM |
| BUILDING OCCUPANCY: | SINGLE FAMILY | COMMUNITY NAME: | NAPLES, CITY OF |
| CONDOMINIUM INDICATOR: | NOT A CONDO | CURRENT FLOOD ZONE: | AE |
| NUMBER OF UNITS: | N/A | GRANDFATHERED: | NO |
| PRIMARY RESIDENCE: | YES | FLOOD RISK/RATED ZONE: | AE |
| ADDITIONS/EXTENSIONS: | I - INCLUDES ADDITIONS/EXTENSIONS | ELEVATION DIFFERENCE: | 0 |
| BUILDING TYPE: | TWO FLOORS | ELEVATED BUILDING TYPE: | NON-ELEVATED |
| BASEMENT/ENCLOSURE/CRAWLSPACE TYPE: | NO BASEMENT | | |

### MORTGAGEE / ADDITIONAL INTEREST INFORMATION

| | | |
|---|---|---|
| FIRST MORTGAGEE: | FIFTH THIRD BANK  ISAOA<br>PO BOX 1266 MINNEAPOLIS, IN 55440-1266 | LOAN NO: 885339994 |
| SECOND MORTGAGEE: | | LOAN NO: N/A |
| ADDITIONAL INTEREST: | | LOAN NO: N/A |
| DISASTER AGENCY: | | CASE NO: N/A<br>DISASTER AGENCY: |

### PREMIUM CALCULATION —                                                                                                       Standard

| | COVERAGE | DEDUCTIBLE | BASIC COVERAGE | BASIC RATE | ADD'L COVERAGE | ADD'L RATE | DED. DISCOUNT/SURCHARGE | PREMIUM |
|---|---|---|---|---|---|---|---|---|
| BUILDING | $250,000 | $1,250 | $60,000 | 1.790 | $190,000 | 0.080 | ($25.00) | $1,201.00 |
| CONTENTS | $100,000 | $1,250 | $25,000 | 0.770 | $75,000 | 0.120 | ($6.00) | $277.00 |

Coverage limitations may apply. See your policy form for details.

| | |
|---|---:|
| ANNUAL SUBTOTAL: | $1,478.00 |
| INCREASED COST OF COMPLIANCE: | $6.00 |
| COMMUNITY RATING DISCOUNT:   25% | ($371.00) |
| RESERVE FUND ASSESSMENT:   18.0% | $200.00 |
| PROBATION SURCHARGE: | $0.00 |
| ANNUAL PREMIUM : | $1,313.00 |
| HFIAA SURCHARGE: | $25.00 |
| FEDERAL POLICY SERVICE FEE: | $50.00 |
| TOTAL: | $1,388.00 |

IN WITNESS WHEREOF, I have signed this policy below and enter in to this Insurance Agreement

_Michael H. Lanza / Secretary_     _Gregory E. Murphy / Chairperson_

**Zero Balance Due - This Is Not A Bill**

This declarations page along with the Standard Flood Insurance Policy Form constitutes your flood insurance policy.

Policy issued by    Selective Ins Co of the Southeast                                                                                        Company NAIC:   39926

File:  18056071        Page  1   of   1                                                        DocID: 149248138

Printed  10/13/2021

# Exhibit "B"

Exhibit "B"

**SELECTIVE**
BE UNIQUELY INSURED®

CRANE AGENCY
100 N BROADWAY STE 900
SAINT LOUIS, MO 63102-2736

Agency Phone: (314) 241-8700

NFIP Policy Number: 0003067616
Company Policy Number: FLD3067616
Agent: JEAN HEUSEL

Policy Term: 10/18/2021 12:01 AM through 10/18/2022 12:01 AM
Renewal Billing Payor: INSURED

To report a claim visit or call us at: https://customer.myselectiveflood.com  (877) 348-0552

# RENEWAL FLOOD INSURANCE POLICY DECLARATIONS
## STANDARD POLICY - GENERAL PROPERTY FORM

| DELIVERY ADDRESS | INSURED NAME(S) AND MAILING ADDRESS |
|---|---|
| KAREN LARSON<br>207 BROAD AVE S<br>GUEST HOUSE<br>NAPLES, FL 34102-7028 | KAREN LARSON<br>207 BROAD AVE S<br>GUEST HOUSE<br>NAPLES, FL 34102-7028 |

| COMPANY MAILING ADDRESS | PROPERTY LOCATION |
|---|---|
| Selective Ins Co of the Southeast<br>PO BOX 782747<br>PHILADELPHIA, PA 19178-2747 | 207 BROAD AVE S<br>GUEST HOUSE<br>NAPLES, FL 34102-7028 |

Refer to www.fema.gov/cost-of-flood for more information about flood risk and policy rating.

DESCRIPTION: N/A

### RATING INFORMATION

| | | | |
|---|---|---|---|
| ORIGINAL NEW BUSINESS DATE: | 10/05/2014 | DATE OF CONSTRUCTION: | 06/20/2012 |
| REINSTATEMENT DATE: | N/A | COMMUNITY NUMBER: | 125130 0393 H   REGULAR PROGRAM |
| BUILDING OCCUPANCY: | OTHER NON-RESIDENTIAL | COMMUNITY NAME: | NAPLES, CITY OF |
| CONDOMINIUM INDICATOR: | NOT A CONDO | CURRENT FLOOD ZONE: | AE |
| NUMBER OF UNITS: | N/A | GRANDFATHERED: | NO |
| PRIMARY RESIDENCE: | NO | FLOOD RISK/RATED ZONE: | AE |
| ADDITIONS/EXTENSIONS: | I - INCLUDES ADDITIONS/EXTENSIONS | ELEVATION DIFFERENCE: | 7 |
| BUILDING TYPE: | ONE FLOOR | ELEVATED BUILDING TYPE: | ELEVATED |
| BASEMENT/ENCLOSURE/CRAWLSPACE TYPE: | ENCLOSURE WITH PROPER OPENINGS | | |

### MORTGAGEE / ADDITIONAL INTEREST INFORMATION

FIRST MORTGAGEE: LOAN NO: N/A

SECOND MORTGAGEE: LOAN NO: N/A

ADDITIONAL INTEREST: LOAN NO: N/A

DISASTER AGENCY: CASE NO: N/A
DISASTER AGENCY:

### PREMIUM CALCULATION — Standard

| | COVERAGE | DEDUCTIBLE | BASIC COVERAGE | BASIC RATE | ADD'L COVERAGE | ADD'L RATE | DED. DISCOUNT/SURCHARGE | PREMIUM |
|---|---|---|---|---|---|---|---|---|
| BUILDING | $250,000 | $1,250 | $175,000 | 0.280 | $75,000 | 0.130 | ($6.00) | $582.00 |
| CONTENTS | $100,000 | $1,250 | $100,000 | 0.220 | $0 | 0.120 | ($2.00) | $218.00 |

Coverage limitations may apply. See your policy form for details.

| | |
|---|---:|
| ANNUAL SUBTOTAL: | $800.00 |
| INCREASED COST OF COMPLIANCE: | $8.00 |
| COMMUNITY RATING DISCOUNT: 25% | ($202.00) |
| RESERVE FUND ASSESSMENT: 18.0% | $109.00 |
| PROBATION SURCHARGE: | $0.00 |
| ANNUAL PREMIUM: | $715.00 |
| HFIAA SURCHARGE: | $250.00 |
| FEDERAL POLICY SERVICE FEE: | $50.00 |
| TOTAL: | $1,015.00 |

IN WITNESS WHEREOF, I have signed this policy below and enter in to this Insurance Agreement

*Michael H. Lanza / Secretary*

*Gregory E. Murphy / Chairperson*

**Zero Balance Due - This Is Not A Bill**

This declarations page along with the Standard Flood Insurance Policy Form constitutes your flood insurance policy.

Policy issued by   Selective Ins Co of the Southeast            Company NAIC: 39926

File: 18056068      Page 1 of 1           DocID: 149248121

Printed 10/13/2021